# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

IN RE                                      §
                                           §
ZACHARY ANTHONY GLOVER,                    §          CIVIL ACTION H-10-1491
                                           §
        *Debtor*.                          §

## ORDER

Before the court is an appeal filed by a trustee appointed in a Chapter 13 bankruptcy proceeding from the bankruptcy court's order directing the trustee to recover funds improperly paid to unsecured creditors under the debtor's bankruptcy plan, and to then pay those funds to a secured creditor, CitiMortgage. The trustee also seeks a stay of his obligation to recover those funds during the pendency of this appeal. After considering the trustee's brief, the record on appeal, and the applicable law, the bankruptcy court's order is AFFIRMED, and the motion to stay (Dkt. 6) is DENIED AS MOOT.

A district court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity. *See Perry v. Dearing*, 345 F.3d 303, 308–09 (5th Cir. 2003). The burden is on the appellant to show that a finding of fact made by a bankruptcy court is clearly in error. *See Perry*, 345 F.3d at 309; *Butler Aviation Int'l, Inc. v. Whyte*, 6 F.3d 1119, 1127–28 (5th Cir. 1993); *see also* FED. R. BANKR. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). A finding of fact is clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a "definite and firm conviction" that the bankruptcy court has made an error. *See Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). A bankruptcy court's conclusions of law are reviewed

*de novo*. *Perry*, 345 F.3d at 309; *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 928 (5th Cir. 1999).

The bankruptcy court determined as a matter of fact that the trustee issued overpayments to certain unsecured creditors under the debtor's bankruptcy plan, and, as a result, underpaid a secured creditor, CitiMortgage. The record reveals that this overpayment was the result of unintentional missteps on the part of the debtor, CitiMortgage, and the trustee:

> During the administration of the Debtor's Chapter 13 bankruptcy plan, the Debtors made certain direct payments on their mortgage with CitiMortgage. The Court ordered the trustee to credit those direct payments against amounts owed by the Debtors. The trustee complied. Thereafter, CitiMortgage refunded the direct payments to the Debtors. The trustee allocated payments that would have gone to CitiMortgage to payment of unsecured creditors. Payments due by the Debtors to the trustee were not credited by the direct payments. The result of these events is that CitiMortgage received less than it should have received under the plan and unsecured creditors received more than they should have received under the plan.

Dkt. 2-7 at 29. The bankruptcy court directed the unsecured creditors "who received distributions in excess of the amount provided under the plan" to return those funds to the trustee, and the trustee was ordered to inform those creditors of the overpayment and seek a return of the funds. *Id*. Finally, the trustee was directed pay any returned funds to CitiMortgage. *Id*.

The trustee does not contest any of the factual findings made by the bankruptcy court, nor does he contest the bankruptcy court's conclusion that the payments made to the unsecured creditors were inconsistent with the bankruptcy plan. Instead, the trustee argues that the bankruptcy court lacked authority to "modify" the debtor's plan pursuant to 11 U.S.C. § 1329(a) because the debtor had already been discharged at the time the order was entered. A review of the order in question, however, reveals that the bankruptcy court did not purport to, nor did it, modify the debtor's

bankruptcy plan.  Dkt. 2-7 at 29.  Therefore, the provisions of Section 1329(a) simply do not apply in this case.

The bankruptcy court's order is clearly intended to correct a mistake concerning the administration of the bankruptcy plan.  Bankruptcy courts have broad power under § 105 to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  The trustee's complaint that the debtor had already been discharged at the time of the order is irrelevant because a bankruptcy court has the authority to enforce its orders and to correct mistakes in the administration of a plan even after a debtor has been discharged.  *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) (holding that bankruptcy courts retain subject-matter jurisdiction over a discharged debtor with respect to "matters pertaining to the implementation of the plan").  In fact, in *Travelers Indemnity v. Bailey*, 129 S.Ct. 2195 (2009), the Supreme Court recently held that after a bankruptcy petition has been discharged, and even though the bankruptcy case was closed and the present claims would not affect the bankruptcy estate, a bankruptcy court has "jurisdiction to interpret and enforce its own prior orders." *Id.* at 2205.

Accordingly, the bankruptcy court's order is adopted in full and AFFIRMED.  The trustee's motion to stay his obligations pending this appeal (Dkt. 6) is DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on October 7, 2010.

Gray H. Miller
United States District Judge